UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES JENKINS,

    Plaintiff,

v.                                                                 CAUSE NO. 3:22-CV-353-DRL-MGG

WILLIAM HAYTTE and D.O.C,

    Defendants.

OPINION AND ORDER

James Jenkins, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Jenkins sues Warden William Hyatte and the Department of Correction based on the condition of his cell. He alleges that the vents at Miami Correctional Facility have not been cleaned; and, as a result of breathing in dust and germs, his neck is swollen, his gums are infected, and he has lost four teeth. In addition, he complains that he has been placed in a cell with a camera though he is not on suicide watch.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773

(7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

Although prisons must maintain a certain level of sanitation, Mr. Jenkins has not plausibly alleged that the condition of the vents at Miami dipped below constitutional standards. Moreover, the connection between the unclean vents and Mr. Jenkins' alleged health problems is not obvious. He must say more about the connection between the two

to allege plausibly that dust and germs from the vents caused his swollen neck, infected gums, and tooth loss.

Regarding the camera, prisoners have no expectation of privacy in their prison cells, so they cannot claim a Fourth Amendment violation based on a search of their cell. *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984) ("[W]e hold that society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell."). Though prisoners retain a limited expectation of privacy in their bodies, *see Henry v. Hulett*, 969 F.3d 769, 782-83 (7th Cir. 2020). the complaint here proves silent on whether the camera is capturing intimate activities.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Jenkins may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. If he files an amended complaint, he must ensure that he sues a defendant who had some personal involvement in the alleged violations. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS James Jenkins until **November 18, 2022**, to file an amended complaint; and

(2) CAUTIONS James Jenkins if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

October 17, 2022                                        *s/ Damon R. Leichty*
                                                        Judge, United States District Court